UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| KAREN T BELTRAN, | |
| Debtor. | Case No. 17-22419-RDD |
| | Chapter 13 |

Nissan-Infiniti LT as serviced by Nissan Acceptance Corporation (hereinafter "Nissan-Infiniti LT") hereby submits the following memorandum of law in support of its motion for relief from the automatic stay to enforce its rights with respect to a certain vehicle subject to a Lease Agreement between Nissan-Infiniti LT and the debtor, including, but not limited to obtaining possession of and selling the same and applying the proceeds to the obligation of the debtor to Nissan-Infiniti LT.  The account is in default and thus there exists a lack of adequate protection.

## I. STATEMENT OF FACTS

On or about August 27, 2015, White Plains Nissan and the debtor, Karen T. Beltran, entered into that certain Lease Agreement regarding one (1) 2015 Nissan Altima (hereinafter "property").  The account is in default as set forth in the accompanying motion and affidavit of Nissan-Infiniti LT.

## II. ARGUMENT

### Standards for Relief From the Automatic Stay

11 U.S.C.  § 362(d) provides for circumstances under which this Court may terminate, annul, modify, or condition the automatic stay.  11 U.S.C.  § 362(d)(1) and (2), provide:

"(d)   On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(1)    with respect to a stay of an act against property under subsection (a) of this section, if -

    (A)    the debtor does not have an equity in such property; and

    (B)    such property is not necessary to an effective reorganization."

"Two threshold points should be made concerning these provisions.  First, Section 362(d) is mandatory, not permissive . . .  Second, the grounds for relief from stay are presented in subsections (1), (2) and (3) in the disjunctive; thus, if any one subsection applies, the Court must grant a motion for relief from automatic stay."  In re Zeoli, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000).

A.    Default in Payments is Cause

This Court has stated "[a] continued failure to make monthly payments under loan documents can constitute cause for granting relief from the automatic stay . . .   Typically, however, cause will only be found where the failure to make monthly payments corresponds with a nonexistent equity cushion [internal citations omitted].  Even when a slight equity cushion exists, this does not constitute adequate protection where post-petition interest is accruing, and the debtor is not able to pay expenses as they come due."  In re Balco Equities Ltd., Inc., 312 B.R. 734m 749 (Bankr. S.D.N.Y. 2004). Thus, debtor's failure to make payments is a default under the contract constituting cause for termination of the stay to allow the creditor to protect its interests in the property, which is depreciating.

B.    There is No Equity in the Vehicle for the Debtor or the Bankruptcy Estate

This Court has held that "[t]he secured creditor who seeks relief from the automatic stay under § 362(d)(2) must demonstrate (1) the amount of its claim, (2) that its claim is secured by a valid, perfected lien in property of the estate, and (3) that the debtor lacks equity in the property."  In re Elmira Litho, Inc., 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994). The motion establishes the validity of Nissan-Infiniti LT's security interest and that the value of the property is less than the amount owed under the contract.  As such, there is no equity in the property for the Debtor or the bankruptcy estate.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, Nissan-Infiniti LT as serviced by Nissan Acceptance Corporation respectfully requests that this Court make and enter its Order terminating the automatic stay as to Nissan-Infiniti LT with respect to the vehicle including but not limited to obtaining possession of and selling the same and applying the proceeds of sale to the obligations of the debtor to Nissan-Infiniti LT, and for such other and further relief as the Court deems proper.

DATED:        November 7, 2018                    **SCHILLER, KNAPP,**
                                                  **LEFKOWITZ & HERTZEL, LLP**


                                                  By:    /s/ Martin A. Mooney_____
                                                         Martin A. Mooney, Esq.
                                                         Attorneys for Nissan-Infiniti LT
                                                         as serviced by Nissan Acceptance Corporation
                                                         950 New Loudon Road
                                                         Latham, New York 12110
                                                         (518) 786-9069